Emilio Vázquez, Plaintiff and Appellee, v. Jesús Ortiz-Gómez, Defendant and Appellant.

No. 3949. Argued November 24, 1926.—Decided December 15, 1926.

*Sergio León* for the appellant. *Felipe Colón Díaz* for the appellee.

Mr. Justice Franco Soto delivered the opinion of the court.

This was an injunction proceeding brought by the plaintiff to recover possession of a building used as a moving-picture theater, which had been rented to him by the defendant. The contract was for one year, beginning on March 28, 1925. It was stipulated in the contract that the rent should be $120 monthly, payable in advance before the expiration of the tenth day of each month, and it was further agreed that if upon the expiration of the tenth day of any month the rent was unpaid, the tenant should lose all rights under the contract and the contract would be rescinded, the landlord having the right to demand the immediate surrender of the building, business and other material rented, etc. Clause 2 of the contract.

The plaintiff paid the first two instalments for the months of April and May, but was in default of the payment for the following months, including September, 1925.

The plaintiff alleged that on October 5, 1925, he was ousted from the building by the defendant, the keys being taken from him against his will, the building locked, the dispossession being carried out in an arbitrary and illegal manner. The defendant denied this allegation and answered, in substance, that as the plaintiff had not paid the overdue rent, he voluntarily delivered the building to the defendant, who took possession in a peaceful and friendly manner.

The lower court sustained the plaintiff and in its opinion, after analyzing the evidence, summed up as follows:

"The evidence in this case has been very contradictory, there being a genuine conflict of evidence. The court has no doubt whatever that the witnesses on both side's made untruthful statements when relating the incidents which occurred on October 5, at eight o'clock a. m. in the *cine* Bélgica; but the court is obliged to reconcile this conflict of evidence and is of the opinion that it should do so in favor of the plaintiff, since it is logical to assume that the witnesses for the defendant, one being a partner and all of the others being his employees (the operator of the moving-picture machine, musician, etc.), have a direct interest in favoring the defendant. Furthermore, there occurred a certain incident in the witness-room on the day of the trial, the court bringing this to the attention of the district attorney, which induces the court not to place much credence in the testimony of witness Leoncio Rodríguez, partner of the defendant."

The incident to which the judge refers does not form a part of the testimony. It was extraneous to the record and the defendant had a right to inquire into the facts of the same to determine its influence in the case. He was not given an opportunity to attempt to remove the prejudice which the said incident appears to have produced in the mind of the trial judge. Under the existing circumstances, this would be sufficient in itself for reversing the judgment, inasmuch as witness Leoncio Rodríguez was the person who recommended the plaintiff to the defendant, so that the latter entered into the contract, and to whom the defendant complained that the plaintiff was not complying with the terms

of the contract with respect to the payments. But the error made in weighing the evidence goes deeper as to another part of the evidence. Two days before the so-called ouster which is complained of by the plaintiff, he wrote a letter to the defendant as follows:

"October 3, 1925. Mr. Jesús Ortiz Gómez, Guayanilla, P. R.— Dear Jesús: This is to advise you that I was informed by Leoncio that you needed the theater on Monday, but as I am indebted to you and wish to pay you just as soon as possible, I hope you will take this in consideration and grant me a final opportunity to comply.

"As you will understand, it is from this month that the business will be commenced in the theater and I believe that I can pay you the instalment and also pay you something on the overdue account.

"But if you desire to have the theater for your own use, as he advised me, you know that it is yours and that I can not refuse to do what you order, but I believe that you should give me a last opportunity, so that you may determine whether I am trying to comply or whether I am trying to deceive you.

"Hoping that you will determine what should be done, I remain,
                                    Always your affectionate friend,

                                    (Signed)   Emilio Vázquez."

The trial judge passed upon the judicial value of this letter and said that its principal object was to solicit more time from the defendant for the payment of the overdue instalments. So that only one view of this was taken and it was not interpreted as a whole and in the light of the terms of the contract. In the letter the plaintiff begins by saying that he was informed that the defendant wanted the theater on Monday, that is, on the day he took possession of the theater. He confesses that he failed to pay the rent and while it is true that he requests a last opportunity to continue and to comply with the contract, he at the same time clearly and frankly states that if the defendant wanted the theater for his own use he might have it. This implicit invitation of the plaintiff is in accord with the contract. The failure to pay a single instalment within the first ten days of a month was sufficient to rescind the contract and to require

immediate delivery to the defendant. The plaintiff was in arrears for three instalments. The defendant could not, in spite of the situation created, take possession of the building against the will of the plaintiff, or take justice into his own hands, but the actions of the plaintiff give a basis for a logical reason to assume that the defendant would not have to resort to pretexts or subterfuges to recover possession of the rented building. The plaintiff was advised that the defendant was going to take possession of the property on the date stated in the letter of October 3, 1925. Knowing that this was his purpose, the plaintiff appears not to have shown any resistance or to have made any protest against delivering the keys of the building. He had sufficient warning so that had he desired to change his attitude that was the precise moment to refuse to deliver the keys. That which followed, as to the defendant's having locked the building and retained the keys in his possession, was a natural consequence of the act of the delivery of the keys, which were voluntarily delivered by the plaintiff and passed into the possession of the defendant.

In view of the foregoing the judgment appealed from should be reversed.

Mr. Justice Hutchison took no part in the decision of this case.